[Cite as *State v. Nelson*, 2016-Ohio-2692.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-T-0074** |
| KEITH ERICK NELSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2015 CR 0009.

Judgment: Affirmed.

*Dennis Watkins*, Trumbull County Prosecutor, and *LuWayne Annos*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Michael A. Partlow*, 112 South Water Street, Suite C, Kent, OH 44240 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Keith E. Nelson, timely appeals his sentence after pleading guilty to attempted felonious assault. He argues that the trial court erroneously imposed the maximum prison term. For the following reasons, we affirm.

{¶2} Nelson and his live-in girlfriend returned to his home from a bar in December 2014. Nelson had been jealous that night and started beating her without notice, punching her in the head multiple times. Officers responded and found the

victim covered in blood and suffering from a concussion. She had several cuts on her head and her face was swollen and red. Officers also found a large clump of her hair in the garage, a pool of blood in the driveway, blood near a wood pile, and a broken lamp in the garage.

{¶3} The victim was in a daze and unable to fully tell officers what had happened to her. She kept repeating herself. She was transported to the hospital via ambulance where she was diagnosed as suffering a subdural hematoma and subarachnoid hemorrhage resulting from the facial trauma.

{¶4} Nelson was indicted and charged with felonious assault, a second-degree felony, and domestic violence, a first-degree misdemeanor in violation of R.C. 2903.11(A)(1)(2) and 2919.25(A). He later pleaded guilty to a reduced charge of attempted felonious assault, and the domestic violence charge was dismissed. He was sentenced to 36 months in prison with three years mandatory post-release control and ordered to pay restitution.

{¶5} Nelson's sole assigned error asserts:

{¶6} "The trial court erred by imposing the maximum sentence upon the appellant."

{¶7} R.C. 2953.08(G)(2) dictates our standard of review, *State v. Long*, 11th Dist. Lake No. 2013-L-102, 2014-Ohio-4416, ¶71, which states:

{¶8} "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶9} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand

the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if *it clearly and convincingly finds* either of the following:

{¶10} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

{¶11} "(b) That the sentence is otherwise contrary to law." (Emphasis added.)

{¶12} The prosecution stated at the plea hearing that the evidence at trial would have proven: "the defendant and the victim became engaged in an oral argument. During that time, the defendant became more agitated. At one point he began punching the victim in the face and he placed her in a chokehold which caused her to lose consciousness and seek medical attention."

{¶13} At sentencing the state asked for the imposition of prison time and emphasized that Nelson violated the court's no-contact order before sentencing by having another inmate write to the victim. This letter included personal drawings from Nelson to the victim.

{¶14} The victim spoke at sentencing, stating:

{¶15} "The severity of my injuries that I incurred as a result of the brutal beating has affected my life physically, financially, and emotionally. * * * While I am improving on a daily basis, I've been seeing a neurosurgeon once a month, and I have undergone a series of CAT scans. Luckily each * * * shows improvement, and I am very optimistic that the next one * * * will hopefully be the last and allow me to return to work on a full-time basis.

{¶16} "* * * I'm also undergoing psychological counseling and am suffering from post-traumatic stress disorder. I'm afraid that this assault will haunt me for the rest of my life.

{¶17} "* * *

{¶18} "In my opinion, Mr. Nelson shows no signs of remorse for what he did to me. He has taunted me in the courtroom in the past. * * *

{¶19} "Your honor, I do ask that you impose a maximum sentence on Mr. Nelson, not only for my safety but also for the safety of all women. I wish that I had been aware of his history of domestic violence and that I could have avoided this tragedy that has affected my life in such a negative way."

{¶20} Nelson denied having a history of domestic violence. He admitted being charged with assault on a male, but denied ever hitting a woman. When asked by the court to describe what he did to the victim, Nelson said:

{¶21} "It was poor decisions by both parties. * * *

{¶22} "I defended myself, and with adrenalin and, fear, I, you know, reached out and defused the situation. And that's all I did."

{¶23} Nelson also denied having anything to do with the letter sent to the victim during his time in the county jail.

{¶24} Upon ordering Nelson to serve the maximum, 36-month prison term, the trial court stated that it had "considered the overriding principles and purposes of felony sentencing, further has considered all seriousness and recidivism factors. The Court finds the sentence to be proportional to the defendant's conduct as well as consistent with similarly situated offenders."

**{¶25}** It then found that "the defendant has a history of similar offenses, he has minimized his involvement in the instant case, and the victim had suffered severe physical harm." It also found in its sentencing entry, "(1) the Defendant has a history of convictions for similar offenses; (2) that the Defendant contacted the victim in violation of bond; and (3) that the victim suffered serious physical harm."

**{¶26}** Although Nelson correctly points out that there was no evidence that he had been previously *convicted of domestic violence*, he had two prior charges for domestic violence and a prior conviction for assault. The presentence investigation report confirms that Nelson pleaded guilty to disorderly conduct on one occasion and the other domestic violence charge was dismissed. Nelson was convicted of assault following a jury trial in 2001. Accordingly, we cannot conclude that the trial court erred in stating that Nelson had a history of similar offenses.

**{¶27}** Furthermore, its imposition of the maximum sentence is supported by the severe nature of his victim's injuries as well as Nelson's failure to accept responsibility, his lack of remorse, and his violation of the no-contact order pending sentencing. Thus, the trial court's imposition of the maximum allowable prison term was supported by the record and is not clearly and convincingly contrary to law. Nelson's sole assigned error lacks merit, and the trial court's decision is affirmed.


DIANE V. GRENDELL, J.,

TIMOTHY P. CANNON, J.,

concur.